---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  SACV 16-752-JLS (SSx)                          Date:  July 6, 2016
Title:  Gerardo Diaz Calderon v. Capital One, N.A. et al.

Present:  **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

  Terry Guerrero                                                         N/A
    Deputy Clerk                                                   Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:       ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                      Not Present

PROCEEDINGS:   (IN CHAMBERS) ORDER DENYING PLAINTIFF'S
                                MOTION TO REMAND (Doc. 11)

      Before the Court is Plaintiff Gerardo Diaz Calderon's Motion to Remand to
Orange County Superior Court.  (Mot., Doc. 11.)  Defendants Capital One, N.A. and
Mortgage Electronic Registration Systems, Inc. opposed.  (Opp., Doc. 18.)  The Court
finds this matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D.
Cal. R. 7-15.  Accordingly, the hearing set for July 8, 2016, at 2:30 p.m., is VACATED.
Having read and considered the parties' briefs, the Court DENIES the Motion.

I.   **BACKGROUND**

      At issue in this action is property located at 21111 Wheaton Terrace, Lake Forest,
Orange County, CA.  (Compl. ¶ 8, Doc. 1-1.)  In May 2005, Plaintiff Gerardo Diaz
Calderon purchased the subject property and obtained a mortgage from Defendant Wells
Fargo Bank.  (*Id*. ¶ 9.)  The deed of trust identified a secured note amount of $320,000.
(Deed of Trust, Compl. Ex. A, Doc. 1-1.)  Plaintiff believes the deed of trust was sold,
transferred, or eventually assumed by Defendant Capital One, N.A. through an electronic
transfer serviced by Defendant Mortgage Electronic Registration Systems, Inc.  (Compl.
¶ 10.)  Plaintiff alleges that the mortgage loan transactions violated numerous provisions
of state and federal law.  (*Id*. ¶ 12.)  In February 2016, the Notice of Trustee's Sale

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  SACV 16-752-JLS (SSx)                    Date:  July 6, 2016
Title:  Gerardo Diaz Calderon v. Capital One, N.A. et al.

indicated that $421,648.35 was owed on the subject property and, as a result, the property may be sold at a public sale.  (Notice of Trustee's Sale at 1, Compl. Ex. E, Doc. 1-1.)  Plaintiff argues that because the deed and loan assignments were invalid, any resulting foreclosure by the Defendants would constitute an illegal and wrongful foreclosure.  (*Id.* ¶ 14.)

On March 18, 2016, Plaintiff filed a Complaint against Defendants that asserted the following claims: (1) fraud, (2) cancellation of a voidable contract, (3) void or cancellation of the assignment of deed of trust, (4) promissory estoppel, (5) violation of the California Homeowner Bill of Rights, (6) quiet title, (7) discrimination in business dealings, and (8) violation of the Unruh Civil Rights Act.  (*Id.* ¶¶ 45-94.)  On April 20, 2016, Capital One removed the action to this Court.  (Notice of Removal, Doc. 1.)  Capital One asserts that both diversity jurisdiction and federal question jurisdiction provide a basis for removal to federal court.  (*Id.* at 1-6.)

Plaintiff now moves[1] to remand this action to the Orange County Superior Court.

## II.  <u>LEGAL STANDARD</u>

When reviewing a notice of removal, "[i]t is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (quotation marks omitted)).  Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  A federal court has diversity jurisdiction under 28 U.S.C. § 1332 if the amount in controversy exceeds $75,000 and the parties to the action are citizens of different states.

---

[1] In his declaration, Plaintiff indicates that he met and conferred with Defendants' Counsel in compliance with Local Rule 7-3.  (Calderon Decl. ¶¶ 4-5, Doc. 12.)  Although Plaintiff did not address this conference in his Notice of Motion as required under Local Rule 7-3, the Court finds that Plaintiff sufficiently complied with this Local Rule.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  SACV 16-752-JLS (SSx)                              Date:  July 6, 2016

Title:  Gerardo Diaz Calderon v. Capital One, N.A. et al.

*See* 28 U.S.C. § 1332(a).  Section 1332 "requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants."  *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

## III.  **DISCUSSION**

Capital One contends that both diversity jurisdiction and federal question jurisdiction provided a basis for removal to this Court.  (Notice of Removal at 1-6.)  As for diversity jurisdiction, Capital One posits that complete diversity exists between the parties: it asserts Plaintiff is a California citizen and Defendants are citizens of Virginia, Delaware, and South Dakota.[2]  (*Id.* at 2-3.)  Capital One also asserts that based on either the value of the property, loan, or indebtedness at issue in this action, the amount in controversy clearly exceeds $75,000.  (*Id.* at 4-5.)

In his Motion, Plaintiff does not contest the amount in controversy.  Rather, Plaintiff's only challenge to removal involves the Defendants' alleged citizenship.  Plaintiff argues that Defendants are California citizens because Plaintiff "dealt primarily" with their representatives here in California, Defendants "maintain offices and conduct substantial dealings" in California, and Defendants "ha[ve] purposefully availed themselves of the laws of the State of California."  (Mem. at 9.)  However, as Plaintiff noted in his Motion, a corporation's "principal place of business . . . is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities," *i.e.*, the corporation's "headquarters" or "'nerve center.'"  (*Id.* at 8); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).  The mere fact that Defendant does

---

[2] Capital One asserts that it and Wells Fargo are national banking associations with headquarters in Virginia and South Dakota, respectively.  (Notice of Removal at 2-3); *see* 28 U.S.C. § 1348 ("All national banking associations shall . . . be deemed citizens of the States in which they are respectively located."); *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 318 (2006) (a national bank is "located" under § 1348 "in the State designated in its articles of association as its main office.").  Capital One asserts that MERS is a Delaware corporation with its principal place of business in Virginia.  (Notice of Removal at 3.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  SACV 16-752-JLS (SSx)                              Date:  July 6, 2016

Title:  Gerardo Diaz Calderon v. Capital One, N.A. et al.

business in California is insufficient to construe California citizenship.  *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307, 318 (2006) (neither a corporation nor a national banking association is "deemed a citizen of every State in which it conducts business or is otherwise amenable to personal jurisdiction.").  Indeed, Plaintiff provides "business entity details" from the California Secretary of State that confirm Capital One and MERS have their principal places of business in *Virginia*, not California.  (Calderon Decl. Exs. A-B, Doc. 12.)  Accordingly, this argument provides no basis for remand.

Having found it may exercise diversity jurisdiction over the instant action, the Court need not address the issue of federal question jurisdiction.  The Court therefore DENIES the Motion to Remand.

**V.      CONCLUSION**

For the foregoing reasons, the Motion to Remand is DENIED.

Initials of Preparer:  tg